### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

J & J SPORTS PRODUCTIONS, INC.,

      Plaintiff,

v.                                                          Civil Action No. 3:12cv802

EL QUETZAL RESTAURANT, LLC et al.,

      Defendants.

### MEMORANDUM OPINION

Before the Court is Defendant El Quetzal Restaurant, LLC's ("El Quetzal Restaurant")

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 6.)  Plaintiff J & J Sports

Productions, Inc. ("JJSP") responded to the Motion to Dismiss.  (ECF No. 11.)  El Quetzal

Restaurant did not reply and the time to reply has expired.  The Court dispenses with oral

argument because the facts and legal contentions are adequately presented in the materials before

the Court and argument would not aid the decisional process.  The Court exercises jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 636(c).  For the reasons that follow, the Court will deny El

Quetzal Restaurant's Motion to Dismiss.

### I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

2

## II.  Factual and Procedural Background

### A.      Applicable Law:  47 U.S.C. §§ 553 and 605

Section 553 of Title 47 provides relief to a plaintiff injured by a person's unauthorized reception of cable services.[1]  A person violates 47 U.S.C. § 605 when he or she engages in the unauthorized publication or use of radio and satellite communications.  A "person aggrieved by any violation" of § 553 or § 605 may bring a civil action in a United States district court and may recover actual damages, lost profits, and/or statutory damages.  *See* 47 U.S.C. §§ 553(c) and 605(e).

### B.      Summary of Allegations in the Complaint[2]

JJSP entered into a closed-circuit television license agreement to exhibit the November 13, 2010 telecast of a light Middleweight Championship fight program, including preliminary events, entitled "'Tactical Warfare': Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program."  JJSP paid fees for the license and the right to distribute the broadcast of the Event for commercial gain.  JJSP authorized commercial establishments to broadcast the Event in exchange for a fee.  The closed-circuit broadcasts were not intended for use by the general public.  The transmission of the Event was electronically coded.  Decoding the transmission required the use of electronic decoding equipment.  JJSP provided decoding capabilities to establishments it contracted with so that these establishments could receive the broadcast signal for the Event.  El Quetzal Restaurant intercepted the broadcast

---

[1] "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 553(a)(1).

[2] For purposes of the pending motion to dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Plaintiff.  *Matkari*, 7 F.3d at 1134.

of the Event and enabled its patrons to view the Event without contracting with JJSP or receiving JJSP's authorization to broadcast the Event.

### C.   Procedural History

On November 7, 2012, JJSP filed a Complaint against El Quetzal Restaurant, asserting two claims.  Count One asserts unauthorized reception of cable service, in violation of 47 U.S.C. § 553.  Count Two alleges unauthorized publication or use of radio communications, in violation of 47 U.S.C. § 605.

El Quetzal Restaurant offers two arguments as to why this Court should dismiss JJSP's Complaint.  First, El Quetzal Restaurant suggests that the Complaint fails to plead sufficient facts to state a claim plausible on its face because it contains a threadbare recital of the elements of the causes of action supported only by conclusory allegations.  El Quetzal Restaurant contends the Complaint:  (1) "fails to allege how and by whom the alleged unlawful receipt of its closed circuit transmission occurred;" (2) fails to state facts that make reception by El Quetzal Restaurant plausible; and (3) fails to "even allege how this Plaintiff (sic) accomplished these Federal crimes." (Br. Supp. Def's Mot. Dismiss ("Br. Supp.") 1-2.)

Second, El Quetzal Restaurant denies the allegations, contending that "at no time did any of its members or managers receive such a signal nor do any of them possess either the equipment or the skill and knowledge of how to capture such a closed circuit signal.  It never happened in the facility that this Defendant does business under [sic] namely El Quetzal Restaurant." (Br. Supp. 1-2.)

None of El Quetzal Restaurant's arguments persuade the Court.  For the reasons stated below, the Court denies the Motion to Dismiss.

4

### III.  Analysis

**A.      The Complaint sufficiently pleads facts to support the claims alleged**

In alleging that El Quetzal Restaurant "enabled the patrons within El Quetzal Restaurant to view the Event to which neither the Defendants nor the patrons were entitled to do," the Complaint alleges sufficient facts to support plausible claims under  47 U.S.C. §§ 553 and 605. JJSP obtained a license to exhibit closed-circuit telecasts of the Event in Virginia and paid fees to distribute the broadcasts for commercial gain.  As alleged, El Quetzal Restaurant did not contract with JJSP to broadcast the Event or pay JJSP's fees, but nevertheless broadcast the Event to the patrons of the restaurant.

These claims clearly satisfy pleading dictates and survive the current motion to dismiss because they allege an unlicensed broadcast that customers of the restaurant saw.  Indeed, one court in this jurisdiction already has ruled that these allegations suffice under Rule 12(b)(6). United States Magistrate Judge Ivan D. Davis, in *J & J Sports Prods., Inc. v. Bougie, Inc.*, Civil Action No. 1:10cv1374, 2011 WL 6202909 at *1, 4 (E.D. Va. Nov. 25, 2011), *adopted by, J & J Sports Prods., Inc. v. Bougie, Inc.*, Civil Action No. 1:10cv1374, 2011 WL 6202898 at *1 (E.D. Va. Dec. 12, 2011) (Ellis, J.), concluded that virtually identical allegations made by the same plaintiff against Bougie, Inc. survived a challenge to lack of specificity as to how and when access to the show, and its subsequent viewing, occurred.[3]  *Id.*  As JJSP does here, the *Bougie* plaintiff alleged:  (1) that it obtained a license agreement to broadcast the event and paid fees for

---

[3] In ruling on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), Judge Davis concluded in *Bougie* that the plaintiff properly pled claims under 47 U.S.C. §§ 553 and 605.  2011 WL 6202909 at *4-5.  The Court noted that its default analysis "must analyze Plaintiff's claims in accordance with the standards under FRCP 12(b)(6) to ensure that the Complaint contains plausible claims upon which relief may be granted."  *Id.*  Although portions of the Rule 55(b)(2) analysis included an examination of other issues and documents, the analysis of the complaint under Rule 12(b)(6) did not review anything beyond the pleadings.

the license; (2) that these broadcasts were not intended for the general public; and (3) that "[t]he Defendant failed to contract with the Plaintiff to show the Event, but nevertheless displayed the Event to its patrons." *Id.*

**B.**      **The Court will not dismiss the Complaint based on a denial of the allegations**

A motion to dismiss challenges the sufficiency of the complaint and does not address or resolve factual contests, the merits of the claim, or the applicability of defenses. *Martin*, 980 F.2d at 952. At this stage, the Court cannot entertain arguments by El Quetzal Restaurant that it did not receive the signal and does not possess the equipment, skill, and/or knowledge of how to capture the closed circuit signal because they constitute attempts to resolve factual contests. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is not the appropriate procedural vehicle to challenge the veracity of the allegations contained in a complaint.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Defendant El Quetzal Restaurant's Motion to Dismiss. (ECF No. 6.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: _2-5-13_